# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Jennifer Marie Wenzel,

        Debtor.

Adv. No. 14-06013
Bky. Case No. 14-60031
Chapter 7

## NOTICE OF SETTLEMENT OR COMPROMISE

To: The United States Trustee, all creditors and other parties in interest.

On, **November 23, 2014** or as soon thereafter as the transaction may be completed, the undersigned Trustee of the estate of the Debtor named above will settle a controversy as follows:

The debtor had transferred funds totaling $6,325 to her life partner and significant other, Steven Johnson on July 5, 2013 to purchase a home titled solely in his name. The trustee filed Adversary Proceeding No. 14-06013 seeking to avoid the transfer and asking the court for a judgment against Steven Johnson in the amount of $6,325. The trustee, the debtor and defendant Steven Johnson have reached an agreement (attached) whereby they will pay the trustee $5,000 in full settlement of the Adversary No. 14-06013 and the trustee will release all claims and dismiss the adversary proceeding with prejudice. The trustee believes the settlement is in the best interest of the estate.

Jennifer Wenzel and Steven Johnson have agreed to pay $5,000 to the trustee. To secure the obligation the debtor and defendant are assigning to the trustee the right to receive their 2014 state and federal tax refunds attributed to them. If payment is not made or if this agreement is not approved by the bankruptcy court, the Trustee shall be entitled to reassert any and all claims.

**OBJECTION: MOTION: HEARING**. Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If any objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate. If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the U. S. Trustee.

| | | |
|---|---|---|
| Clerk of Court | United States Trustee | Trustee |
| United States Bankruptcy Court | 1015 U S Courthouse | (See address below) |
| 404 U.S. Courthouse | 300 So. 4th St. | |
| 515 W. First St. | Minneapolis, MN 55415 | |
| Duluth, MN 55802 | | |

Dated: October 30, 2014

                                              /e/ Erik A. Ahlgren
                                              Erik A. Ahlgren, Trustee
                                              220 W Washington Ave, Ste 105
                                              Fergus Falls, MN  56537
                                              218-998-2775
                                              trustee@prtel.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy No. 14-60031<br>Chapter 7 Case |
| Jennifer Marie Wenzel, | |
| Debtor. | |
| | |
| Erik A. Ahlgren, Trustee, | |
| Plaintiff, | Adv. Proc. No. 14-06013 |
| v. | |
| Steven L. Johnson | |
| Defendant. | |

## STIPULATION OF SETTLEMENT

Plaintiff, Erik A. Ahlgren, trustee of the above captioned matter, Debtor Jennifer Marie Wenzel and Defendant Steven L. Johnson, have agreed to settle the Plaintiff's claims in Adversary Proceeding No. 14-06013 on the following basis:

1. Plaintiff will release all claims made in the adversary proceeding and will dismiss the adversary proceeding with prejudice upon the effective date, as defined below.

2. In consideration for the agreed upon release of claims and dismissal of the adversary proceeding, the Debtor, Jennifer Marie Wenzel, and Defendant Steven L. Johnson shall pay to the Trustee $5,000. To secure the obligation, the Debtor and Defendant hereby assign to the Trustee the right to receive the 2014 state and federal tax refunds attributed to them. IT IS FURTHER STIPULATED AND AGREED THAT THE TRUSTEE SHALL RECEIVE FROM THE INTERNAL REVENUE SERVICE AND MINNESOTA DEPARTMENT OF REVENUE THE DEBTOR'S AND DEFENDANT'S

2014 TAX REFUNDS. Upon the Trustee's receipt of those refunds, the Trustee will disburse any funds in excess of the $5,000 owed hereunder jointly to the Debtor and Defendant. If the tax refunds are mailed directly to the Debtor or Defendant, the receiving party will endorse and forward the refund checks directly to Erik A. Ahlgren, Trustee.

3. Plaintiff's release of claims shall become effective upon the later of (i) receipt of the Assets, and (ii) receipt of a final order of the bankruptcy court approving this stipulation. A final order is an order approving this stipulated settlement that has been entered and not appealed within fourteen (14) days of entry of the order, or, if appealed, an order that is affirmed on appeal. If the agreement is objected to, payment is not made as required or is otherwise dishonored, or this agreement is not approved by the bankruptcy court, any party may terminate this agreement by written notice in which case both parties may reassert any and all claims and/or defenses.

4. Upon Plaintiff's release of claims, it is agreed and stipulated that the complaint should be dismissed with prejudice and without costs.

Dated: 9/29/2014

_____
Erik A. Ahlgren, trustee

_____
Jennifer Marie Wenzel

_____
Steven L. Johnson